IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


PATRICIA KAREN McLEAN,
    Plaintiff,

v.                                    Case No: 5:11cv46/MCR/MD

MICHAEL J. ASTRUE
Commissioner of Social Security,
    Defendant.

_____

REPORT AND RECOMMENDATION

    This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant McLean's application for disability insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Act.

    Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

Plaintiff, Patricia Karen McLean, filed applications for benefits claiming an onset of disability as of July 7, 2006. The applications were denied initially and on reconsideration, and plaintiff requested a hearing before an administrative law judge (ALJ). A hearing was held on December 8, 2008 at which Ms. McLean was represented by counsel and testified. A vocational expert also testified. The ALJ entered an unfavorable decision (tr. 59-67) and Ms. McLean requested review by the Appeals Council without submitting additional evidence. The Appeals Council declined review (tr. 1-5). The Commissioner has therefore made a final decision, and the matter is subject to review by this court. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1262 (11th Cir. 2007); *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998). This timely appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised on this appeal, the ALJ found that Ms. McLean had not engaged in substantial gainful activity since her claimed onset date; that she had severe impairments of bipolar disorder, type II diabetes mellitus, and obesity, but that she did not have and impairment or combination of impairments that met or equaled on of the impairments listed in 20 C. F. R. Part 404, Subpart P, Appendix 1; that she had the residual functional capacity to perform a reduced range of light work; that she was capable of performing her past relevant work as an apartment manager and janitorial services supervisor; and that she was not under a disability as defined in the Act.

## STANDARD OF REVIEW

In Social Security appeals, this court must review de novo the legal principles upon which the Commissioner's decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). There is no presumption that the Commissioner followed the appropriate legal standards in deciding a claim for benefits, or that the legal conclusions reached were valid. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). Failure to either apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

The court must also determine whether the ALJ's decision is supported by substantial evidence. *Moore*, 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). Even if the proof preponderates against the Commissioner's decision, if supported by substantial evidence, it must be affirmed. *Ingram*, 496 F.3d at 1260; *Miles*, 84 F.3d at 1400. Substantial evidence is more than a scintilla but less than a preponderance, and encompasses such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Moore*, 405 F.3d at 1211 (citation omitted). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Secretary's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence. *Moore*, 405 F.3d at 1211 (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Findings of fact of the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Ingram*, 496 F.3d at 1260.

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The social security regulations establish a five-step evaluation process to analyze claims for both SSI and disability insurance benefits. *See Moore,* 405 F.3d at 1211; 20 C.F.R. § 416.920 (2009) (five-step determination for SSI); 20 C.F.R. § 404.1520 (2009) (five-step determination for DIB). A finding of disability or no disability at any step renders further evaluation unnecessary. *See* 20 C.F.R. § 416.920; 20 C.F.R. § 404.1520. The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe physical or mental impairment that meets the duration requirement?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 to subpart P of 20 C.F.R. Part 404 and meet the duration requirement?

4. Considering the individual's residual functional capacity, can the individual perform past relevant work?

5. Can the individual perform other work given the individual's residual functional capacity, age, education and work experience?

*Id*.

These regulations place a very heavy burden on the claimant to demonstrate both a qualifying impairment or disability and an inability to perform past relevant work. *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th

Cir.1985)). If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *Allen v. Bowen,* 816 F.2d 600, 601 (11th Cir. 1987). If the Commissioner carries this burden, claimant must prove that she cannot perform the work suggested by the Commissioner. *Doughty,* 245 F.3d at 1278 n.2; *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

## PLAINTIFF'S MEDICAL HISTORY

Ms. McLean was treated at a family practice clinic located in Mississippi on a few occasions between March 2005 and March 2006 (tr. 246-52), all prior to her claimed onset of disability. Her complaints related to migraine headaches in October 2005 and March 2006; in February 2006, her chief complaints related to depression, diabetes, and high blood pressure (tr. 246-48).

Ms. McLean began seeing Leisa Bailey, M.D., as her primary healthcare provider in mid-September 2006. Dr. Bailey's initial assessment included diabetes mellitus, reflux, obesity, and migraine headache. She prescribed medications and ordered laboratory testing and recommended weight reduction and exercise. Ms. McLean followed up with Dr. Bailey twice more that month and again in mid-October 2006. Dr. Bailey assessed hypertension in addition to diabetes, and again counseled Ms. McLean on her diet, weight reduction, and exercise (tr. 254-64).

Ms. McLean filed her applications in September 2006. On November 13, 2006, she was seen for a consultative psychological evaluation by George L. Horvat, Ph.D. Dr. Horvat indicated that Ms. McLean's attention and concentration appeared normal, and that her facial expression, mood, and affect all appeared to be depressed. Dr. Horvat's diagnostic impressions included bipolar disorder, depressed and major depressive disorder, recurrent (tr. 269). He stated that it would be difficult to predict Ms. McLean's potential for employment "[u]ntil we are able to determine her level of

cognitive functioning," and that she "has a severe depression" and could not handle her finances (tr. 266-69).

On April 6, 2007, Ms. McLean was seen by Dr. Efiong Andem, M.D., for a consultative examination. Dr. Eifong found full range of motion of all joints, with no signs of inflammation or swelling; normal gait and station, and normal flexion and extension of the spine. Ms. McLean was 100% mobile during passive and active movements; could stand on one leg with good balance; appeared to be comfortable and changed positions without any difficulty. Dr. Andem noted that Ms. McLean "[wa]s in normal mental status without any anxiety or depression," that she "behaved very nicely with the clinic staff," and "denied any emotional instability." (Tr. 303-04).

Between February 2007 and February 2009, Ms. McLean continued to see Dr. Bailey for her primary healthcare needs, mostly to follow up on her diabetes (tr. 312-70, 375-447, 501-47). She occasionally complained of depression and bipolar disorder symptoms, and was also seen for complaints unrelated to her allegedly disabling symptoms (tr. 264, 312-70, 375-447, 501-47). Ms. McLean was repeatedly encouraged to lose weight and to exercise, and was counseled about the importance of prescription medication compliance on multiple occasions (tr. 254-56, 315-16, 318-20, 355, 381, 387, 408, 411, 417). When she visited Dr. Bailey's office in October 2007, Ms. McLean complained of increasing mental symptoms (tr. 350). Three weeks later, Ms. McLean reported that she was doing better with medication changes and stated that she was going to the Life Management Center for mental health care services (tr. 354). Treatment notes from a January 2008 visit with Dr. Bailey indicate that Ms. McLean stopped taking her insulin due to weight gain (tr. 415).

In October 2008, Dr. Bailey filled out a Medical Statement Regarding Diabetes (MSRD) form, in which she stated that Ms. McLean could lift 20 pounds occasionally and 10 pounds frequently; balance occasionally; stand for 60 minutes at a time; and sit for 4 hours at a time (tr. 467). Dr. Bailey further indicated that Ms. McLean could

not work any hours per day, specifically noting that her opinion in that regard was "per patient" and was reportedly due to Ms. McLean's anxiety and bipolar symptoms (*id.*).  In February 2009, Dr. Bailey completed a Physical Capacities Evaluation (PCE), in which she opined that Ms. McLean could lift and carry 50 pounds occasionally and 25 pounds frequently; did not require an assistive device for walking; and had some postural and environmental limitations (tr. 500). Dr. Bailey also indicated that Ms. McLean would be likely to be absent from work more than 4 days per month, noting that "P[atien]t has been diagnosed with bipolar disorder with depression which she states has caused multiple missed days of work. I do not follow her for this disorder" (*id.*).  Dr. Bailey also stated that Ms. McLean had no pain present to any significant degree; that physical activity would cause "[n]o increase in pain whatsoever;" and that Ms. McLean's medications might cause some limitations, "but not to such a degree as to create serious problems in most instances" (Tr. 499).

Ms. McLean sought and received mental healthcare treatment at the Life Management Center between October 2007 and October 2008. During that time, counseling and medication management services were primarily rendered by Stephen Chesser, a nurse practitioner. Ms. McLean's treatment records show assessments of adjustment disorder with depression and anxiety, as well as bipolar disorder by history.  Ms. McLean's condition improved during the course of her treatment, the record often indicating that Ms. McLean was "doing well" or "doing quite well," that her mood was stable, and that she reported suffering from only occasional periods of depression (tr. 354, 469-97).

## DISCUSSION

Ms. McLean contends that the ALJ erred in failing to make a proper credibility finding, in failing to refer to or discuss a consultative psychological examination, and in failing to evaluate the opinions of a treating physician properly, and that she was disabled from her onset date.  The Commissioner argues that the ALJ's findings

were supported by substantial evidence and must, therefore, be sustained. The issue thus presented is whether the ALJ's decision that Ms. McLean was not disabled, in light of her physical and mental condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

1.      **Failure to make credibility finding.**

Ms. McLean correctly states that an ALJ must properly support his ultimate finding on credibility by explaining her reasoning on the record. Ms. McLean is not correct in arguing that this ALJ failed to do so. Beginning on page 5 of her decision, the ALJ pointed to each area of complaints of pain or other disabling condition claimed by Ms. McLean, discussed what the appropriate treating professional said about the condition and what the clinical records showed, and then explained why the opinion or evidence was not convincing. Admittedly, the ALJ did not say "based on these matters I find . . ." (or words to that effect), but she specifically rejected the opinion of Dr. Bailey on Ms. McLean's mental health as outside that physician's area of expertise. The ALJ also noted that treatment records from the Life Management Center showed compliance with medication and resulting significant improvement in Ms. McLean's mental status, and concluded by pointing out that none of the medical records or professional opinions suggested that Ms. McLean's condition was disabling. Contrary to Ms. McLean's argument, this discussion was sufficient to explain why the ALJ found Ms. McLean's claims to be less than credible.

2.      **Failure to consider the report of Dr. Horvat.**

Ms. McLean next contends that it was error for the ALJ to fail to refer to or discuss the consultative psychological report of Dr. Horvat. It is true that the ALJ either overlooked or ignored Dr. Horvat's report. The question for this court is whether that failure made a difference. A careful review of Dr. Horvat's report discloses that it did not. He diagnosed bipolar disorder, depression and major depressive disorder, but offered no opinion on how these conditions affected Ms.

McLean. He simply stated that it would be difficult to predict employability without determining Ms. McLean's level of cognitive functioning, which was not done. Dr. Horvat did opine that Ms. McLean could not manage her finances, which would ordinarily be relevant. However, the materiality of that statement disappeared with Ms. McLean's beginning treatment at the Life Management Center, her becoming compliant with her medications, and, according to the Center's progress notes, was doing "pretty well" or "very well" over most of the year before the administrative hearing (tr. 472-77). The ALJ did not err in not discussing Dr. Horvat's report.

### 3. Failure to evaluate the opinions of Dr. Bailey.

Finally, Ms. McLean contends that the ALJ did not properly evaluate the opinions of Dr. Bailey. Absent good cause, the opinion of a claimant's treating physician must be accorded considerable or substantial weight by the Commissioner. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-1241 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Broughton v. Heckler*, 776 F.2d 960, 960-961 (11th Cir. 1985); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). "Good cause" exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips,* 357 F.3d at 1241; *see also Lewis*, 125 F.3d at 1440 (citing cases).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnor v. Bowen,* 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the

ALJ must nevertheless weigh the medical opinion based on (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical impairments at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R. 404.1527(d).

A brief and conclusory statement that is not supported by medical findings, even if made by a treating physician, is not persuasive evidence of disability.  *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980).  And "[w]hen electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons."  *Phillips*, 352 F.3d at 1241.  Failure to do so is reversible error.  *Lewis*, 125 F.3d at 1440 (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986));[1] *see also Nyberg v. Comm'r of Soc. Sec.*, 179 Fed.Appx. 589, 591 (11th Cir. 2006) (Table, text in WESTLAW)(also citing *MacGregor*).  The ALJ here noted Dr. Bailey's opinions concerning Ms. McLean's physical capacity and in fact imposed more stringent physical limitations than Dr. Bailey recommended.  However, the ALJ also noted that Dr. Bailey's opinion on Ms. McLean's mental limitations were, by the doctor's own admission, based on the patient's statements that she could not work (tr. 499-500).  Dr. Bailey also stated that she was not following Ms. McLean for any mental disorder (*id.*).  The ALJ rejected Dr. Bailey's opinion because mental health was not in her area of expertise and because her opinion was not consistent with her own records and the medical record as a whole (tr. 64).  Lack of specialization can support such a finding.  20 C.F.R. 404.1527(d).  Dr. Bailey's notes indicated that Ms. McLean was not compliant with instructions on taking her medications, and the Life Management records showed that she was

---

[1] *MacGregor* further held that "Where the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true."  786 F.2d at 1053.

*Case No: 5:11cv46/MCR/MD*

doing well when she took her medication.  All of the reasons stated by the ALJ in rejecting Dr. Bailey's opinion were supported by substantial record evidence, and were sufficient to support her finding that Dr. Bailey's opinion was entitled to little, if any, weight.

Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

At Pensacola, Florida this 17th day of February, 2012.


/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

Case No: *5:11cv46/MCR/MD*